It is a part of the established doctrine of the law of agency, that a subsequent ratification by the principal of the previous unauthorized act of an agent, or of one assuming to be such, is in all respects equivalent to an original authority. This doctrine has been repeatedly applied to cases of the unauthorized use of the partnership name, by one of the partners, for his own private benefit. It is, however, contended by the defendant's counsel, that the ratification in such cases operates not directly, but merely as presumptive evidence that the act was originally done by the authority of the principal.
Were this position established, it would inevitably follow that the judgment in this case must be reversed; as the evidence of a want of authority is so conclusive, as effectually to repel any contrary inference to be drawn from the subsequent assent of the defendant. *Page 581 
But this view of the modus operandi of a ratification, is not sustained by the authorities. On the contrary, they all proceed upon the assumption that a ratification is, per se, a confirmation of the act of the agent. In none of the cases do I find it intimated that it operates merely as evidence of an original authority; nor have I met with any case in which the usual effect of a ratification was prevented, by proof of an actual want of authority on the part of the agent.
Whether or not, therefore, the doctrine that a ratification is not merely evidence of, but equivalent to, an original authority, can be made to harmonize with the general principles and analogies of the law, it appears to be too firmly established to be shaken. Of its applicability to the present case there is no doubt. It is clear, also, that no valid distinction can be taken between a ratification of and a promise to perform the engagement entered into by the agent. The substance of a ratification consists, in all cases, in the consent of the principal to be bound by the act of the agent. Nor do I see that the effect of the defendant's voluntary assumption, in this case, of the obligation ostensibly imposed upon him by the act of his partner, can be prevented by the knowledge, on the part of the plaintiff, of the want of authority of such partners. No such distinction is suggested in any of the cases, although in some of them, the fact that the agent had exceeded his powers, must have been either actually or presumptively known to the plaintiff.
My conclusion therefore is, that the judgment of the Supreme Court should be affirmed.